## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ALTO ELDORADO PARTNERS,
RANCHO VERANO, LLC, CIMARRON
VILLAGE, LLC, DENNIS R.
BRANCH AND JOANN W. BRANCH,

       Plaintiffs,

vs.                                                          No. CIV 08-0175 JB/ACT

THE CITY OF SANTA FE and THE
COUNTY OF SANTA FE,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiffs' Motion to Amend Judgment Under Federal Rule of Civil Procedure 59(e), filed March 23, 2009 (Doc. 83). The Court held a hearing on August 14, 2009. The primary issue is whether the Court should change its earlier ruling that the Plaintiffs' claims under the Fifth Amendment's Takings Clause are premature. Because the Court does not believe that it overlooked any of the Plaintiffs' arguments or made any errors in its rulings on those arguments, the Court will deny the motion.

## PROCEDURAL BACKGROUND

This case concerns facial challenges to the affordable-housing ordinances passed by the Defendants, the City and County of Santa Fe, on the grounds that those ordinances exact unconstitutional takings of property without just compensation. On March 11, 2009, the Court entered two opinions in this case. The first opinion dismissed the claims against the City of Santa Fe for lack of standing. <u>See</u> Doc. 79 at 2. The second opinion also dismissed certain Plaintiffs' claims against the County of Santa Fe on standing grounds, <u>see</u> Doc. 80 at 31-32 ("MOO"), but

focused on the issue of ripeness.  In that second opinion, the Court held that facial challenges under the Takings Clause were generally ripe even without the plaintiffs having been denied just compensation, but found that the Plaintiffs' requested remedy, an injunction prohibiting the County from enforcing its ordinance at all or a declaration that the ordinance was void, was not ripe when just-compensation procedures were available.  <u>See</u> MOO at 32.  One day later, on March 12, 2009, the Court entered Final Judgment and closed the case.  <u>See</u> Doc. 82.

Now the Plaintiffs move the Court, under rule 59(e) of the Federal Rules of Civil Procedure, to amend its final judgment and allow the Plaintiffs to raise their facial challenge to the County's ordinance.  They contend that the Court wrongly decided that, in the wake of <u>Lingle v. Chevron, U.S.A., Inc.,</u> 544 U.S. 528 (2005), which restricted the theories on which a takings claim may proceed, "no facial challenges based upon the Fifth Amendment are allowed."  Motion at 1.  They also argue that the Court too quickly passed over and incorrectly interpreted <u>Nollan v. California Coastal Comm'n</u>, 483 U.S. 825 (1987), and <u>Dolan v. City of Tigard</u>, 512 U.S. 374 (1994), in holding that the Plaintiffs' claims were not ripe.  <u>See</u> MOO at 3-6.  In response, the County of Santa Fe asserts that the Plaintiffs misread the Court's opinion and have failed to show any clear errors of law, as required under the rule 59(e) standard.  <u>See</u> Defendant County of Santa Fe's Response in Opposition to Plaintiffs' Motion to Amend Judgment Under Federal Rule of Civil Procedure 59(e) at 2-3, filed April 6, 2009 (Doc. 84).

At the hearing, Robert VanAmberg, the Plaintiffs' attorney, asserted that, under <u>Nollan v. California Coastal Comm'n</u>, <u>Dolan v. City of Tigard</u>, and <u>Armstrong v. United States</u>, 364 U.S. 40 (1960), the Plaintiffs should be allowed to have their case heard on the merits.  <u>See</u> Transcript of

Hearing at 4:5-5:4 (VanAmberg & Court)(taken August 14, 2009)("Tr.").[1]  Mr. VanAmberg also emphasized Justice Ginsburg's partial concurrence in <u>Wilkie v. Robbins</u>, 551 U.S. 537 (2007), as indicating a Fifth Amendment right to refuse to submit to government regulation.  <u>See</u> Tr. at 13:19-14:4 (VanAmberg).  The County of Santa Fe maintained that the proper standard for a rule 59(e) motion required the Plaintiffs to show clear error and that the Plaintiffs' arguments fell short of meeting this standard.  <u>See</u> Tr. at 14:22-15:17 (Basham).

## <u>ANALYSIS</u>

Once a court has entered final judgment, parties have ten days to move for an alteration or amendment of the judgment.  <u>See</u> Fed. R. Civ. P. 59(e).  "A Rule 59(e)  motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence."  <u>Loughridge v. Chiles Power Supply Co., Inc.</u>, 431 F.3d 1268, 1274-75 (10th Cir. 2005)(internal quotation marks omitted).  Unlike interlocutory rulings, which district courts have discretionary power to revisit, a court's ability to modify a judgment is more restricted and should be done only "if there has been an intervening change in controlling law, new evidence is available, or there is a need to correct clear error or prevent manifest injustice."  <u>Pedroza v. Lomas Auto Mall, Inc.</u>, 2009 WL 1562748 at *9 (citing <u>Servants of Paraclete v. Does</u>, 204 F.3d 1005, 1012 (10th Cir. 2000)).  The Plaintiffs are not introducing any new evidence or pointing to any change in the law since the Court issued its opinion, so the question here is whether the Court made an incorrect or manifest error of law in its ruling.  Nothing in the Plaintiffs' arguments persuades the Court that its decisions meet that stringent standard.  Even under a more forgiving standard, however, the Court does not see any sound reason to change its earlier rulings in this case.

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain different page and/or line numbers.

I.      THE PLAINTIFFS MISREAD THE COURT'S ANALYSIS ON THE
        AVAILABILITY OF FACIAL CHALLENGES UNDER THE TAKINGS CLAUSE.

To begin, the Plaintiffs argue

> that the Court's analysis stops short of addressing the issue which is at the heart of
> the Plaintiffs' Complaint by concluding that since *Lingle v. Chevron, U.S.A., Inc.* .
> . . eliminated the 'failure to substantially advance' [theory] as an argument which
> might support a facial challenge to a governmental action under the Fifth
> Amendment, no facial challenges based upon the Fifth Amendment are allowed.

Motion at 1.  The Plaintiffs misread the Court's opinion.  The Court agreed with the Plaintiffs on

this point.  While acknowledging that Williamson County Regional Planning Comm'n v. Hamilton

Bank, 473 U.S. 172 (1985), generally requires that plaintiffs be denied just compensation in state

proceedings before turning to the federal courts with a takings claim, the Court found that "the best

approach is to assume that the Supreme Court meant what it said and to understand Williamson as

being limited to the as-applied context in which it arose, and not use it to find a facial challenge

premature."  MOO at 41.  The Court rejected the argument that Lingle v. Chevron, U.S.A., Inc.

stood for a sea change in the law that precluded the possibility of plaintiffs making facial challenges

that could bypass the requirement of being denied just compensation.  See MOO at 38, 41.[2]

Accordingly, the Court held "that the often expansive language the Supreme Court has used in

discussing facial challenges compels the Court to find that, as a general matter, a facial challenge

is exempt from Williamson's command that a plaintiff's first resort for a taking must be to pursue

just compensation at the state or local level."  MOO at 31-32.  Thus, the Court does not believe that

it needs to amend the judgment because it did not say that facial challenges based upon the Fifth

_____

[2] In a footnote, the Court commented on the tension in the case law regarding facial-takings
claims and observed that one way to resolve the tension could be to conclude that, "after Lingle v.
Chevron, U.S.A., Inc., there are no valid facial-takings claims."  MOO at 38 n.10.  The Court noted,
however, that this issue was more a merits question than a jurisdictional question and that, for the
purposes of considering ripeness, it was "assuming that a facial challenge is possible."  Id.

Amendment are not allowed.

## II.   THE COURT FULLY TOOK INTO ACCOUNT <u>NOLLAN V. CALIFORNIA COASTAL COMM'N</u> <u>AND</u> <u>DOLAN V. CITY OF TIGARD</u>.

The Plaintiffs also argue "that the Court too quickly dismissed *Nollan v. California Coastal Comm'n* . . . and *Dolan v. City of Tigard* . . . as lacking relevance because these cases came up through the state court system." Motion at 1-2. The Court believes that it fully considered, as it must, the Supreme Court's decisions in <u>Nollan v. California Coastal Comm'n</u> and <u>Dolan v. City of Tigard</u>. Those cases, however, shed little light on the ripeness question with which the Court was grappling in its opinion.

On page 8 of its opinion, the Court noted that, in its reply, the County of Santa Fe had contended that exaction claims under <u>Nollan v. California Coastal Comm'n</u> and <u>Dolan v. City of Tigard</u> cannot be facial challenges. Later, the Court stated:

> <u>Dolan v. City of Tigard</u> and <u>Nollan v. California Coastal Comm'n</u> came to the Supreme Court from reviews of state administrative hearings via the state appellate process. <u>See</u> <u>Dolan v. City of Tigard</u>, 512 U.S. at 377-83 (describing history of case, which involved appeal from the Land Use Board of Appeals to the Oregon Court of Appeals); <u>Nollan v. California Coastal Comm'n</u>, 483 U.S. at 827-30 (describing history of case, which began with writ of administrative mandamus for judicial review of the California Coastal Commission's action). Neither case involved a direct action brought in federal court raising a takings claim. It is thus not clear that the cases involved <u>invalidating</u> conditions that would have amounted to takings. Rather, the Supreme Court appears to have been exercising its power to review constitutional issues arising in state court proceedings and finding that the challenged administrative actions would be takings without compensation. Indeed, <u>Nollan v. California Coastal Comm'n</u> ends by noting that "California is free to advance its comprehensive program, if it wishes, by using its power of eminent domain for this public purpose, but if it wants an easement across the Nollans' property, it must pay for it." 483 U.S. at 841-42 (internal quotation marks and citation omitted). Given their procedural posture, it is far from clear that <u>Dolan v. City of Tigard</u> and <u>Nollan v. California Coastal Comm'n</u> can be understood as recognizing a freestanding right to refuse to submit to a taking without first being provided with just compensation.

MOO at 55-56 (emphasis in original). In other words, neither case was much on point regarding the

primary issue before the Court: whether injunctive relief for an alleged taking was premature when there were procedures available for obtaining just compensation.

Both Dolan v. City of Tigard and Nollan v. California Coastal Comm'n came to the Supreme Court by way of the Supreme Court's power to review federal questions arising in the final decisions of state court systems. That power is one which the lower federal courts lack, and it makes these two cases poor candidates for analogizing to the situation here. Requirements that plaintiffs first pursue just compensation through state channels before bringing a Fifth Amendment claim may well be met when the case has already winded its way through the state courts before reaching the Supreme Court on certiorari review. Whether that is what happened in Dolan v. City of Tigard and Nollan v. California Coastal Comm'n is uncertain because neither case says anything about ripeness. Those cases discussed the substantive contours of certain species of takings claims and were not cases about jurisdiction. Following Supreme Court dicta is one thing, but assuming that particular theories are ripe when brought directly in federal court on the basis of the Supreme Court not talking about jurisdiction is perilous at best. And given that there are reasons that the Supreme Court did not mention jurisdiction aside from the Plaintiffs' interpretation -- namely that the state proceedings had involved a denial of compensation, or that the issue was not considered -- reading the silence in Dolan v. City of Tigard and Nollan v. California Coastal Comm'n to stand for an affirmative proposition that those cases allow for facial claims seeking injunctive relief without a just-compensation denial is building on a shaky foundation. Moreover, as the Court stated earlier, the Supreme Court has jurisdiction to decide questions of federal law that arise in state proceedings and appears to have carved out discrete issues whether particular actions were takings. Given the different procedural postures between the Supreme Court cases and the case here, the Court cannot read Dolan v. City of Tigard and Nollan v. California Coastal Comm'n as significantly informing

-6-

the debate on ripeness.

In support of its interpretation of these cases, the Plaintiffs again cite Justice Ginsburg's partial concurrence and partial dissent in Wilkie v. Robbins.  Justice Ginsburg wrote: "Correlative to the right to be compensated for a taking is the right to refuse to submit to a taking where no compensation is in the offing."  551 U.S. at 583 (Ginsburg, J., concurring in part).  As the Court noted, this is a non-binding concurring opinion.  While the Court is loathe to disagree with a sitting justice, the Court explained in its earlier opinion that it believes that this statement conflicts with binding case law that the Court cannot ignore.  See MOO at 55-56.  This area of the law appears to the Court to be unsettled, with tension between competing lines of cases.  Whatever happens in the future, for the present the Court must follow what it believes to be the binding precedent on the subject.  At this time, Justice Ginsburg's statement does not appear to the Court to reflect binding law.

Finally, the Plaintiffs cite Armstrong v. United States, in which the Supreme Court stated: "The Fifth Amendment's guarantee that private property shall not be taken for a public use without just compensation was designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole."  Armstrong v. United States, 364 U.S. at 49.  This language, the Plaintiffs contend, should be construed as allowing for facial challenges when a plaintiff has not sought or been denied just compensation because just compensation is not relevant to a challenge premised on the fairness of a private party bearing what should be a public burden.  The Court does not see, however, how the general statement of principle in Armstrong v. United States aids the Plaintiffs' cause.

First, the language is a general, purposive statement about the meaning of the Takings Clause, and does not elucidate any particular rule or authorize a particular class of claims.  Second,

Armstrong v. United States has nothing to say about ripeness and predates almost of all of the substantial body of case law on which the Court relies in its opinion, so its relevance is marginal at best.  Most importantly, however, the statement in Armstrong v. United States is consistent with the Court's rulings.  Requiring governments to pay just compensation for the property they take -- payments which come from public funds -- ensures that particular private parties do not have to shoulder what should be public burdens.  And that is what Armstrong v. United States did -- it did not invalidate or enjoin a law, but held that the United States had to pay just compensation for a taking.  See id. at 48-49.

Cases like Dolan v. City of Tigard, Nollan v. California Coastal Comm'n, and Armstrong v. United States ultimately have little to say about the ripeness issue here.  By contrast, Eastern Enterprises v. Apfel, 524 U.S. 498 (1998), and First English Evangelical Lutheran Church of Glendale v. County of Los Angeles, 482 U.S. 304 (1987), are more directly on point and show that claims seeking an injunction preventing a government from enforcing one of its law entirely are not ripe when just-compensation procedures are available.  See MOO at 44-54.  After analyzing several -- at times disparate -- strands of case law on the Takings Clause, the Court ultimately held

> that facial challenges generally avoid Williamson's requirement that normally a plaintiff must be denied just compensation before bringing a federal claim alleging a violation of the Takings Clause.  When the plaintiff, as here, seeks to have a regulation declared "of no force and effect" or enjoined, however, then the requirement is revived.  Equitable relief is generally not available when just compensation procedures are available and the drastic relief of total invalidation of a regulation or prohibiting its enforcement takes the decision out of the government's hands to, if it desires, provide just compensation and continue with a regulation even though the regulation amounts to a taking.  Because of the relief that the Plaintiffs are pursuing, they must first be denied just compensation.

MOO at 58.

Takings cases can be unusual at times, because "the takings clause does not forbid takings;

-8-

it requires compensation for takings. . . . If compensation is forthcoming, the Constitution allows the taking." Rose Acre Farms, Inc. v. Madigan, 956 F.2d 670, 673 (7th Cir. 1992)(quoted in MOO at 57). The ripeness question presented in this case may be a difficult one, even by the standards of takings law, but the Plaintiffs' motion does not convince the Court that it has committed any clear errors of law, as the rule 59(e) standard requires. Even applying the more relaxed standards of normal motions to reconsider, however, the Court does not see any sound reason to conclude that its analysis was wrong and that the case law should lead it to any different conclusion than the one it has already reached.

In closing, the Court emphasizes the narrowness of its holding. Facial challenges under the Takings Clause may still be ripe as a general rule. It is only where just-compensation procedures are available and a plaintiff is seeking an injunction prohibiting any enforcement of the challenged law, or seeking an equivalent form of declaratory relief declaring the law void, that a facial challenge is premature until the plaintiff has been denied just compensation. A plaintiff could, for example, bring a claim for declaratory relief seeking a declaration that a law on its face exacts a taking whenever it is applied without seeking to enjoin the law's operation. That challenge would be one that could be ripe regardless of any resort to just compensation. The relief the Plaintiffs seek here, however, is of a nature that cannot be brought until just compensation has been denied.

**IT IS ORDERED** that the Plaintiffs' Motion to Amend Judgment Under Federal Rule of Civil Procedure 59(e) is denied.

_____
UNITED STATES DISTRICT JUDGE

-9-

*Counsel*:

Ronald J. VanAmberg
VanAmberg Rogers Yepa & Abeita, LLP
Santa Fe, New Mexico

     *Attorneys for the Plaintiffs*

Karl H. Sommer
Karl H. Sommer & Associates, P.A.
Santa Fe, New Mexico

     *Attorneys for the Prospective Intervenor-Plaintiff Santa Fe*
       *Area Home Builders Association, Inc.*

Frank D. Katz
Santa Fe City Attorney's Office
Santa Fe, New Mexico

-- and --

Donna M. Connolly
John C. Bienvenu
Rothstein Donatelli Hughes Dahlstrom
  Schoenburg & Bienvenu, LLP
Santa Fe, New Mexico

     *Attorneys for Defendant City of Santa Fe*

Stephen C. Ross
Santa Fe County Attorney's Office
Santa Fe, New Mexico

 -- and --

Mark A. Basham
Basham & Basham, P.C.
Santa Fe, New Mexico

-- and --

Robyn B. Hoffman
French & Associates, P.C.
Albuquerque, New Mexico

-- and --

Robert H. Freilich
Miller Barondess, LLP
Los Angeles, California

*Attorneys for Defendant County of Santa Fe*